IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JUDY AKAU, ALEXIS-AMELIA AKAU, Individually, and as Special Administrator of the Estate of Alexander Akau, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. <br> _____ | ) Civ. No. 08-00483 SPK-KSC <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant United States of America[1] moves to dismiss this Federal Tort

_____

[1] The complaint improperly names the "United States Postal Service" as Defendant.  The proper Defendant in this FTCA suit, however, is the United States of America.  *See Kennedy v. United States Postal Service*, 145 F.3d 1077, 1078 (9th Cir. 1998) ("A claim against the United States Postal Service in its own name is not a claim against the United States.").  The suit would be dismissable (probably without prejudice) on that ground alone.  *See id.* ("Because the plaintiff brought an FTCA claim against a person and entity not subject to the FTCA, the district court properly dismissed the named defendants.").  Nevertheless, in an apparent effort to avoid unnecessary delay, the United States asks in its memorandum to substitute itself as a Defendant in place of the Postal Service.  Accordingly, pursuant to Rule 21 of the Federal Rules of Civil Procedure, the Court substitutes the United States of America as the proper Defendant.  *See, e.g.*, *Weston v. United States Postal Service*, 574 F. Supp. 59, 60 (E.D. Mo. 1983) (considering pleadings amended to substitute the United States as defendant in

(continued...)

Claims Act (FTCA) suit for lack of subject-matter jurisdiction under Rule 12(b)(1)

of the Federal Rules of Civil Procedure.  Plaintiffs are Judy Akau, the former wife

of Alexander Akau (who is deceased); and Alexis-Amelia Akau (daughter of

Alexander), individually and as Special Administrator of the Estate of Alexander

Akau.  The matter was submitted without an oral hearing pursuant to Local Rule

7.2(d).  For the reasons set forth, the motion is GRANTED.

I.

The complaint contains (in its entirety) the following substantive allegations:

> 3.  Plaintiffs complain that Defendant and/or it's [sic]
> authorized agents or employees, engaged in tortious behavior and/or
> conduct including but not limited to false criminal accusations,
> defamation/slander/libel to Alexander Akau, a former employee of
> Defendant, by the false imprisonment, negligent and/or intentional
> infliction of emotional distress, invasion of privacy, breach of the
> implied covenant of good faith and fair dealing by wrongful
> interference with the late Mr. Akau's workers' compensation claim,
> negligence and other tortious acts which is [sic] a proximate cause of
> the injuries and wrongful death of Alexander Akau on April 27, 2007.
>
> 4.  Plaintiffs have met and have exhausted their administrative
> requirements required under the United States Federal Tort Claims
> Act before filing this lawsuit against Defendant above-named; the
> denial of claim letter dated May 8, 2008 is attached hereto as Exhibit
> "A", and is incorporated herein by reference.
> . . . .
> 6.  Defendant has further engaged in conduct amounting to a

---

[1](...continued)
place of Postal Service in FTCA suit).

> violation of the rights and equal protection of law contained in the Civil Rights Act of 1866 (42 U.S.C. Section 1981), and/or the Civil Rights Act of 1991 (42 U.S.C. Section 1981(b)), by failing to provide Plaintiffs full and equal benefit of all laws and proceedings for the security of persons and property enjoyed by white citizens, in the formulation, making and enforcement of it's [sic] employment contract with Alexander Akau, and are liable for damages in an amount to be proven at trial.

[Complaint filed October 27, 2008, at 2-3].

Initially, the complaint's allegations appear to lack the necessary facts (or *any* facts) sufficient to state a claim. The complaint itself contains no factual allegations as to what Defendant may have done that would constitute any tortious conduct. All that is mentioned in the complaint is that Alexander Akau died on April 27, 2007 (and this date is a typographical error– the correct year is 2005 – as admitted by Plaintiffs' counsel) and that there was some kind of interference with a workers' compensation claim. The complaint alleges only bare legal conclusions, and therefore fails to state a claim and would be dismissable under Rule 12(b)(6). *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).[2]

_____

[2] The complaint "incorporates by reference" the administrative denial letter. That letter indicates that the claim is or may be "based upon the Postal Service's workers compensation fraud investigation of decedent Akau and their subsequent

(continued...)

Nevertheless, the United States is not raising a lack of factual allegations as

a ground for dismissal.  Rather, the United States appears to understand the general

factual basis of the complaint (by considering or incorporating allegations from

two prior lawsuits by the decedent against the Postal Service and by considering

the administrative-claim record) and is thus moving to dismiss for lack of subject

matter jurisdiction under Rule 12(b)(1).  A 12(b)(1) motion allows the Court to

consider factual evidence or background outside the four-corners of the complaint,

without converting the proceedings into a summary judgment motion.  *See, e.g.,*

*Savage v. Glendale Union High Sch., Dist. No. 205*, 343 F.3d 1036, 1039-40 n.2

(9th Cir. 2003).

In its Rule 12(b)(1) motion, the United States provides the declaration of

Joseph Doyle, a Postal Service attorney.  Doyle gives a more detailed factual

background for this litigation and authenticates two prior complaints from the U.S.

District Court for the Northern District of California from 2001, and the U.S.

District Court for the District of Hawaii from 2002.  Both prior suits were

---

[2](...continued)
pursuit of prosecution" and "upon investigation, false arrest of or pursuit of
prosecution as to Decedent Alexander Akau" where there were "facts establishing
probable cause culminating in receipt of an arrest warrant in October, 2000 from a
San Francisco Municipal Court Judge."  Complaint, Exh. A.  The Court will
presume that those facts were alleged in the complaint and further presume that
those facts are true for purposes of this motion.

dismissed without prejudice.

According to Doyle's declaration and the allegations of the prior suits, decedent Akau was a Postal Service employee who was on long-term workers compensation leave starting in 1986.  On October 10, 2000, Akau was arrested in San Francisco under a warrant issued by a San Francisco Municipal Court Judge for worker compensation fraud.  He was charged by a San Francisco district attorney with criminal offenses including making a false insurance claim and theft of property.  He was released on his own recognizance the next day.

Akau's prior complaints alleged that he was tricked by the Postal Service into engaging in behavior that demonstrated he was not, or was no longer, disabled. Akau alleged that the Postal Service conspired with California authorities to have him arrested and to interfere with his workers compensation benefits.  The complaints all allege that as a result of the criminal charges, Akau's right to receive workers compensation benefits was "interfered with," which the Court infers means the benefits were lost, terminated, or subsequently denied – if benefits were not, then there would be nothing substantive as a basis for such a claim.  Akau filed the prior federal suits, alleging various torts (similarly, if not identical, to the current suit, with the exception of now adding a mention of wrongful death in the current suit) under the FTCA against the Postal Service and its employees.  The

criminal charges in California were dismissed after Akau's death on April 27,

2005.

This evidence from Doyle is consistent with the limited factual information

or allegations in the instant complaint and is not disputed by Plaintiffs.  The Court

presumes the factual allegations and background as true for purposes of deciding

this motion.

## II.

Broadly construed, the current complaint alleges violations of the following

torts which are potentially actionable under the FTCA:  (1) "false criminal

accusations" (construed as alleging malicious prosecution or false arrest), (2)

defamation, (3) slander, (4) libel, (5) false imprisonment, (6) negligent and/or

intentional infliction of emotional distress, (7) invasion of privacy, (8) "breach of

the implied covenant of good faith and fair dealing by wrongful interference with

the late Mr. Akau's workers' compensation claim," and (9) negligence.  The

complaint alleges that these tortious acts were "a proximate cause of the injuries

and wrongful death of Alexander Akau."  Although not clearly stated in the

complaint as a separate claim, the Court thus construes the complaint as alleging

wrongful death.[3]  The complaint also alleges violations of 42 U.S.C. § 1981 or

1981(b) relating to Akau's "employment contract" with the Postal Service.

In its motion, the United States points out that most, if not all, of the torts are

barred by a two-year statute of limitations set forth in 28 U.S.C. § 2401(b).[4]

Compliance with the statute of limitations in an FTCA suit is a matter of subject

matter jurisdiction.  *See Marley v. United States*, 567 F.3d 1030, 1032 (9th Cir.

2009) ("We have long held that § 2401(b) is jurisdictional.").  The defamation and

related claims such as slander and libel accrued in October 2000, when Akau was

arrested and charged.  The negligence, infliction of emotional distress, and

---

[3] Haw. Rev. Stat. § 663-3 provides in pertinent part as follows:

§ 663-3. Death by wrongful act

(a) When the death of a person is caused by the wrongful act, neglect, or default of any person, the deceased's legal representative . . . may maintain an action against the person causing the death or against the person responsible for the death[.]

[4] Section 2401(b) provides:

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

invasion of privacy claims also accrued in October 2000. Accrual is a matter of

federal law. *See, e.g.*, *TwoRivers v. Lewis*, 174 F.3d 987, 991 (9th Cir. 1998)

("[f]ederal, not state, law determines when a civil rights claim accrues.");

*Bartleson v. United States*, 96 F.3d 1270, 1276 (9th Cir. 1996). Similarly, the false

imprisonment claims accrued in 2000. *See Wallace v. Kato*, 549 U.S. 384, 391

(2007). Because the administrative claim was not filed within two years of accrual,

the United States asserts that these tort claims are barred. The United States also

points out that 28 U.S.C. § 2680(h) bars the claims (except for negligence) in any

event.[5]

The United States also contends that the statutory discrimination claims

under 42 U.S.C. §§ 1981 & 1981(b) are barred by Title VII. That is, the existence

--------

[5] Section 2680(h) contains exceptions to the FTCA for:

(h) Any claim arising out of assault, battery, false imprisonment, false
arrest, malicious prosecution, abuse of process, libel, slander,
misrepresentation, deceit, or interference with contract rights:
Provided, That, with regard to acts or omissions of investigative or
law enforcement officers of the United States Government, the
provisions of this chapter and section 1346(b) of this title shall apply
to any claim arising, on or after the date of the enactment of this
proviso, out of assault, battery, false imprisonment, false arrest, abuse
of process, or malicious prosecution. For the purpose of this
subsection, "investigative or law enforcement officer" means any
officer of the United States who is empowered by law to execute
searches, to seize evidence, or to make arrests for violations of Federal
law.

of a remedy under Title VII precludes a separate cause of action for employment

discrimination for a federal employee. *See Brown v. General Serv. Admin.*, 425

U.S. 820, 834 (1976) (concluding that the Civil Rights Act of 1964, as amended,

provides exclusive judicial remedy for claims of discrimination in federal

employment); *Nimi-Montalbo v. White*, 243 F. Supp. 2d 1109, 1118 (D. Haw.

2003) (same).  It is also undisputed that race-based claims were not

administratively exhausted here (and Plaintiffs may not assert a section 1981 claim

in a manner to avoid Title VII's exhaustion requirements).

  With one exception, Plaintiffs concede that the torts are barred.  Plaintiffs

also concede that a discrimination claim under section 1981 is precluded.  In those

respects, the motion to dismiss is granted as unopposed.

  Plaintiffs, however, argue that a claim for wrongful death was timely.  They

argue that, under Hawaii law, the claim for wrongful death did not accrue until

April 25, 2005, when Akau died.  Because the administrative claim under the

FTCA was made exactly 2 years from death, Plaintiffs contend that a wrongful

death claim is not time-barred and otherwise should be allowed to continue.

  As set forth earlier, accrual is determined by federal law.  *TwoRivers*, 174

F.3d at 991.  Any argument by Plaintiffs that Hawaii law provides for accrual of a

wrongful death claim is misplaced.  Under federal law, a claim accrues "when the

plaintiff knows or has reason to know of the injury which is the basis of the action." *Id.* Logically, then, the "injury" for a wrongful death claim would generally not accrue until the death occurred.

The United States, however, points out that here Akau's injury arose much earlier, i.e., when the alleged "wrongful" conduct occurred in 2000 and when he was allegedly "injured" by the inflicting of emotional distress which eventually allegedly led to his death. Any further injury or worsening of injury (i.e., death) would only arise out of the prior injury. As the United States Supreme Court recently reasoned:

> "Under the traditional rule of accrual ... the tort cause of action accrues, and the statute of limitations commences to run, when the wrongful act or omission results in damages. The cause of action accrues even though the full extent of the injury is not then known or predictable." 1 C. Corman, Limitation of Actions § 7.4.1, pp. 526-527 (1991) (footnotes omitted); *see also* 54 C.J.S., *Limitations of Actions* § 112, p. 150 (2005). Were it otherwise, the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief.

*Wallace v. Kato*, 549 U.S. 384, 391 (2007). The United States thus argues that, if a claim is stated for "wrongful death," it is time barred.

Normally, a claim for "wrongful death" under Haw. Rev. Stat. § 663-3 would be a cause of action in itself. That is, it would not generally be a claim seeking only further damages or further injury resulting from a different tort. In

that sense, a claim for wrongful death would not generally accrue until there was

an actual death.  *See Wallace*, 549 U.S. at 388 ("it is 'the standard rule that [accrual

occurs] when the plaintiff has 'a complete and present cause of action.'") (citation

omitted) (square brackets in original).

Here, however, Plaintiffs' "wrongful death" claim is indeed based upon

allegations of prior wrongful acts.  Indeed, the complaint does not mention Haw.

Rev. Stat. § 663-3 at all.  As Plaintiffs argue in their memorandum, "Mr. Akau died

in Hawaii and claims his wrongful arrest, resultant emotional distress and long

delay for his day in court is a proximate cause of his death."  Memorandum in

Opposition, at 3.  Plaintiffs' wrongful death claim is based, if at all, on the

incidents of alleged false arrest that occurred in 2000.  Torts based on those

incidents accrued in 2000.  The Court must look "beyond the labels used to

determine whether a proposed claim is barred [under § 2680(h)]."  *Snow-Erlin v.*

*United States*, 470 F.3d 804, 808 (9th Cir. 2006) (quotation omitted).

> [W]e look beyond [the party's] characterization to the conduct on
> which the claim is based.  If the gravamen of Plaintiff's complaint is a
> claim for an excluded tort under § 2680(h), then the claim is barred.
> To hold otherwise would permit evasion of the substance of [§
> 2680(h)'s] exclusion of liability.

*Id.* (internal citations omitted).  And here the gravamen of the Plaintiffs' complaint

is malicious prosecution and false arrest, claims which are otherwise time-barred

11

(and which are also barred by § 2680(h)).[6]

Finally, it is also clear that any tort claims based upon an alleged improper denial of workers' compensation are not subject to judicial review. *See* 5 U.S.C. § 8128(b); *Southwest Maritime, Inc. v. Gizoni*, 502 U.S. 81 (1991). Plaintiffs argue that their claim is not barred by this exclusivity provision because the Postal Service "went outside the administrative process" to interfere with Akau's right to benefits and did not seek administrative review of the claim. Such a claim fails, however, because it is not the prior *granting* of benefits (presumably in 1986) which is at issue. It would be the subsequent termination or other "interference" with benefits that is not reviewable. That is, if Akau's prior benefits were subsequently terminated or denied (after the arrest in 2000), then there is no judicial review of that administrative decision. If there was no such termination, then there would be no cause of action in the first place. In any event, Plaintiffs

---

[6] Even if the wrongful death claim is not time-barred, it otherwise fails. There can be no "wrongful death" if there was no predicate "wrongful" action. Here, the existence of probable cause is undisputed (based upon the arrest warrant issued by the San Francisco Municipal Court). With probable cause, there can be no claim sounding in malicious prosecution or false arrest, which would form the basis of a wrongful death claim. *See, e.g.*, *Gasho v. United States*, 39 F.3d 1420, 1427 (9th Cir. 1994) ("probable cause is an absolute defense to a claim of false arrest and imprisonment"); *Reed v. City & County of Honolulu*, 873 P.2d 98, 109 (Haw. 1994) ("The determination of probable cause is a defense to the common law claims of false arrest, false imprisonment, and malicious prosecution."). The claim fails as a matter of law.

have cited no authority that there is such a "wrongful interference" cause of action

at all.  Defendant is not an insurance company and there is no cause of action for

"breach of the implied covenant of good faith and fair dealing" outside that

context.  *See, e.g., Jou v. National Interstate Ins. Co. of Hawaii*, 157 P.3d 561, 568

Haw. App. 2007) ("the tort of bad faith, as adopted [by the Hawaii Supreme

Court],  requires a contractual relationship between an insurer and an insured.").

Further, if there were such a cause of action, it too would be time-barred.

III.

For the foregoing reasons, (1)  The United States of America is substituted

as Defendant in place of the United States Postal Service; and (2)  Defendant's

Motion to Dismiss for lack of subject matter jurisdiction is GRANTED.  Judgment

shall issue in favor of Defendant.

IT IS SO ORDERED.

DATED:  August 13, 2009.



_____
Samuel P. King
Senior United States District Judge